(27 Misc. Rep. 640.)

GILROY v. BADGER.

(City Court of New York, General Term. May 26, 1899.)

CHAMPERTY—ACTION ON NOTE—JUDGMENT.
Under Code Civ. Proc. § 73, prohibiting attorney from purchasing any note in order to sue thereon, and providing that no cause of action can arise out of such a transaction, where such a defense is set up to an action by an attorney on a note, a judgment on a general verdict for defendant should be one of nonsuit, and not for defendant on the merits.

Appeal from trial term.

Action by Thomas F. Gilroy, Jr., against Walter S. Badger. From a judgment entered on a verdict in favor of defendant and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Daniel P. Hays, for appellant.

Augustus Van Wyck, for respondent.

O'DWYER, J. The action is brought to recover the amount remaining due on a promissory note made and delivered by Harriet Hale to one Gussie Smith, and indorsed by the defendant before delivery, and before maturity indorsed to plaintiff for a valuable consideration. Among other defenses set up, it is alleged "that the plaintiff is an attorney, duly admitted to practice in this state, and that he purchased the note on which this suit is brought with the intent and for the purpose of bringing an action thereon." This was the only defense submitted by the court to the jury, and the jury found a general verdict for the defendant. Upon this verdict, a judgment has been entered as follows: "Adjudged that the defendant have judgment upon the merits against the plaintiff on the issues in this action." The statute in force at the time of the purchase of the claim, forbidding an attorney from directly or indirectly purchasing such claim, with the intent and for the purpose of bringing suit thereon, is found in section 73 of the Code of Civil Procedure. Under this statute, an attorney is prohibited from purchasing any bond, promissory note, bill of exchange, etc., with the intent and for the purpose of bringing an action thereon, and no cause of action can arise out of a transaction thus prohibited. We are of the opinion that the defense of champerty raises a question of law, to be disposed of by the court, and it has been so decided in Hall v. Gird, 7 Hill, 586, where it is said:

"The purchase or procurement of a demand for prosecution, contrary to the statute, does not annul or cancel the demand thus purchased or procured. It constitutes no 'defense' to the debtor, in the appropriate sense of that term. He is not, for that cause, to have a verdict in his favor, but the plaintiff, prosecuting in pursuance of an illegal agreement, and in order to carry it into effect, is, under the statute, to be nonsuited."

While the intent of the attorney making the purchase is a proper subject for inquiry and determination by a jury, yet that subject ought to be submitted to the jury for a special finding of fact, and, on the coming in of their verdict, the court can then determine whether the plaintiff should have a recovery or the complaint be dismissed. In this case, that procedure was not followed, and, as a result, the defendant in this action appears to have a judgment on the merits, which would make it appear that he has a good defense to the note, whereas, as a matter of fact, all that has been decided is that the plaintiff has no legal capacity to sue.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

FITZSIMONS, C. J. I concur in the opinion of Justice O'DWYER, and in addition wish to say that I have read with considerable care the case on appeal. I am convinced, from the evidence submitted,

that the plaintiff purchased the note in suit for the purpose of protecting the rights of his mother-in-law, as he viewed them. He certainly believed that she was unjustly and unfairly treated by the defendant, that the note in suit was really defendant's obligation, and that he should pay it, and not cast that burden on her. That he became its owner solely for purpose of having defendant pay the note, and not for the purpose of commencing suit thereon, I think is established by the fact that he purchased it before it became due, and then demanded its payment; thus offering to defendant an opportunity to pay it, which was refused. In default of payment, he then commenced this action, as he had a right to do. Everything done by him in this matter was done for the purpose of protecting his said relative. I think the whole record shows that his intention in purchasing the note was a chivalrous, rather than a champertous, one.

Judgment reversed, a new trial is ordered, with costs to appellant to abide event.